975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Landen S. LEVY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3533.
 United States Court of Appeals, Federal Circuit.
 July 28, 1992.
 
 Before NIES, Chief Judge, and RICH and ARCHER, Circuit Judges.
 NIES, Chief Judge.
 
 DECISION
 
 1
 Landen S. Levy seeks review of the February 15, 1991, decision issued in Docket No. SF08319110096, which became the final decision of the Merit Systems Protection Board when it denied review on July 17, 1991, respecting apportionment of his annuity. The Board's decision upheld the Office of Personnel Management's determination that, for the purposes of calculating the portion due to Levy's former wife, all of Levy's military service must be included. We reverse and remand.
 
 OPINION
 
 2
 This court must uphold a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without adherence to procedural laws, rules, or regulations; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 3
 On May 11, 1990, we remanded this case, ordering the Board to direct OPM "to determine the monthly amount of regular longevity benefits to which Levy would have been entitled under 5 U.S.C. § 8338 on reaching age 62 had he retired for non-disability reasons in 1966." Levy v. Office of Personnel Management, 902 F.2d 1550, 1553 n. 7 (1990) (emphasis added). On instruction from the Board, OPM determined that Levy's age and length of service as of 1966 would not have allowed him to "retire" at that time. OPM attempted, however, to do what it perceived was required by this Court's remand directive. The agency calculated the amount to which Levy would have been entitled, upon reaching age 62, had he been "separated" in 1966 and received an annuity at that time. OPM, and the Board in upholding the agency's action, erred in their interpretation of our decision in Levy.
 
 
 4
 Our prior decision relied upon the California Supreme Court's opinion in In re Marriage of Stenquist, 582 P.2d 96 (1978), and stated, as follows:
 
 
 5
 In summarizing its decision, the [California Supreme] [C]ourt concluded that "military retired pay based on disability contains two components: (a) compensation to the serviceman for loss of earning power and personal suffering, and (b) retirement support. The latter component, to the extent that it is attributable to employment during marriage, is community property."
 
 
 6
 Levy, 902 F.2d at 1553 (quoting Stenquist, 582 P.2d at 103) (emphasis added). Accordingly, to the extent Levy's military experience occurred before he was married, it cannot be considered community property, and cannot be included in OPM's calculation of the amount owed to Levy's former wife. OPM, however, included all of Levy's military experience in determining his former wife's portion of Levy's entitlement. OPM's calculation is, therefore, contrary to our previous decision.
 
 
 7
 In light of the above discussion, the Board, on remand, is to direct OPM to determine the amount of regular longevity benefits Levy would have received in 1985, upon attaining the age of 62, had his retirement not been for disability reasons. The Board shall further direct OPM to calculate the value of these retirement benefits based on (1) Levy's six years of civil service and (2) the time he served in the military while married. This amount is subject to adjustment for cost-of-living as of October 3, 1985, when Levy would have become eligible to receive it. Levy's ex-wife is entitled to one-half of that amount.
 
 COSTS
 
 8
 Costs are awarded to Levy.